IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RAYMOND A. VANVALKENBURG,<br><br>　　　　　　Defendant. | 8:15CR23<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, Filing No. 32. The United States Court of Appeals for the Eighth Circuit directed this Court to allow Vanvalkenburg to file an initial habeas corpus petition. Filing No. 30.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

The Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), provide that the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the

1

prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

The record shows that the defendant was charged in an indictment with three counts: Count I charged that he knowingly and intentionally possessed with intent to distribute 5 grams or more of methamphetamine (actual),in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1); Count II charged that he used and carried a firearm during and in relation to and possessed a firearm in furtherance of the drug trafficking crime charged in count I, in violation of 18 U.S.C. § 924(c)(1)(A); and Count III charged that having been earlier convicted of a violent felony, to wit: attempted burglary, he knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Filing No. 1, Indictment. Pursuant to a plea agreement, he entered a plea of guilty to Counts I and II and the government agreed to dismiss Count III. Filing No. 21, Plea Agreement; Filing No. 24, text minute entry. The conviction on Count I carried a mandatory minimum sentence of five years and the conviction on Count II is required to be consecutive to the sentence on any other count. Filing No. 21, Plea Agreement at 2-3. He was sentenced to 77 months on the drug count, which represented the low end of the sentencing guidelines recommendation, and to five consecutive years on the firearm count, which was the mandatory minimum sentence. Filing No. 25, Judgment; Filing No. 27, Presentence Investigation Report (Sealed) at 24-26.

In his *pro se* § 2255 motion, the defendant challenges his conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague) and *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016) (invalidating Iowa burglary offense as a predicate violent felony under the

Armed Career Criminal Act). He also alleges the government breached its plea agreement and contends he is factually innocent of the drug trafficking offense.

The Eighth Circuit has clearly held that § 924(c) defines multiple offenses, and not just multiple means of committing a single offense. *United States v. Williams*, 926 F.3d 966, 970 (8th Cir. 2019). The § 924(c) offense of possessing firearms in connection with a drug-trafficking crime is separate from the § 924(c) offense of possessing firearms in connection with crimes of violence. *Id.*

In this case, there is no doubt that Vanvalkenburg was charged with and convicted of the § 924(c) offense of using and carrying a firearm in relation to, or possessing a firearm in furtherance of, a drug-trafficking crime, not a crime of violence. No definitions for "crimes of violence" were implicated and no prior conviction was used to enhance the defendant's sentence. The only count that arguably could have been affected by the recent Supreme Court opinions—in that it involved a prior conviction for burglary—was dismissed pursuant to the plea agreement. Therefore, the *Davis* and *Mathis* decisions are inapplicable here and Vanvalkenburg's claim fails. The Court finds it appears plainly from the face of the motion and the record that Vanvalkenburg is not entitled to relief, and his motion is subject to dismissal under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Vanvalkenburg's contentions that the government breached the plea agreement and that he is factually innocent of the drug-trafficking offense are tied to his unavailing theory and are similarly lacking in merit. At the time of his arrest, while taking him into custody, law enforcement officers found a baggie of 8.5 grams of methamphetamine that he had thrown on the floor of the cruiser. On his person, officers found a defaced firearm,

$984 in cash and burglary tools. The government had additional evidence of controlled buys of illegal drugs. The defendant may have decided to plead guilty primarily to avoid the onerous potential sentence associated with conviction as a recidivist under Count III. However, he admitted under oath that he possessed with the intent to distribute 5 grams or more of actual methamphetamine and carried a firearm during and in relationship to that crime and there can be no doubt of his guilt. For the reasons set forth above, the Court concludes that the petitioner is not entitled to post-conviction relief pursuant to 28 U.S.C. § 2255.

Vanvalkenburg must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. See *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court does not believe that reasonable jurists might find the Court's assessment of the petitioner's claims for relief pursuant to 28 U.S.C. § 2255 debatable or wrong for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1). Vanvalkenburg has failed to make a substantial showing that he has been denied a constitutional right. See *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). Accordingly,

IT IS HEREBY ORDERED that

1. The defendant's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Filing No. 32) is denied.

2. No certificate of appealability will issue.

4

3.    A judgment of dismissal will issue.

Dated this 2nd day of October, 2020.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge